IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT V. MONTENEGRO, | No. C 13-00244 YGR (PR) |
| Petitioner, | **ORDER (1) VACATING FEBRUARY 27, 2013 ORDER DISMISSING ACTION WITHOUT PREJUDICE;** |
| v. | **(2) REOPENING ACTION; AND** |
| GREG LEWIS, Warden, | **(3) DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |
| Respondent. | |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated February 27, 2013, the Court dismissed the petition because Petitioner had not paid the filing fee or provided the proper forms in support of his *in forma pauperis* (IFP) application.

The record shows that Petitioner had in fact paid the full filing fee on February 25, 2013. However, this form was not entered into the Court's electronic database until February 27, 2013, the same date the dismissal order was issued. In view of this, it is clear that the present petition was dismissed erroneously. Therefore, the Court's February 27, 2013 Order of Dismissal Without Prejudice is VACATED.

The Court now reviews the present petition. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Court's February 27, 2013 Order of Dismissal Without Prejudice is VACATED. The Clerk of the Court shall REOPEN this action.

2. The Clerk shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

3. Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and nineteen (119) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty-three (63) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-three (63) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this Court and serve upon Petitioner, within **sixty-three (63) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty-three (63) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

deadline sought to be extended.

IT IS SO ORDERED.

DATED: March 8, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**