IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT V. MONTENEGRO,

    Petitioner,

vs.

GREG LEWIS, Warden,

    Respondent.
_____/

No. C 13-00244 YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In 1990, Petitioner was validated as a gang associate of the Mexican Mafia ("EME") prison gang. In 2009, he was revalidated as an associate of the same prison gang. He now challenges the decision of prison authorities to place him in the Security Housing Unit ("SHU") on indeterminate status after revalidating him. In the instant action, Petitioner contends that his due process rights were violated by the gang investigator's decision to revalidate him as a gang associate. The Court issued an order to show cause on March 8, 2013.

Before the Court is Respondent's motion to dismiss ("MTD") the instant petition on the grounds that habeas corpus is not the proper remedy for Petitioner's claims because he has not shown that success in this action will necessarily accelerate his release from prison. Respondent also moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and Respondent has filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

**BACKGROUND**

On June 4, 2009, Petitioner was revalidated as a gang associate of the EME prison gang by the Special Services Unit at the prison and retained in the SHU. On September 2, 2009, Petitioner

appeared before members of the Institution Classification Committee, who decided to retain him in the SHU based on his active gang status. Petitioner will be eligible for an active/inactive review of his gang status after May 2015.

Petitioner filed an administrative appeal through the prison appeals process, and the appeal was denied at the final level of review on April 20, 2010. (Pet., Ex. C at 4.)

On January 25, 2011,[1] Petitioner filed a habeas petition in the Del Norte County Superior Court. (MTD, Ex. 1.) That petition was denied on July 7, 2011. (MTD, Ex. 2.)

On January 24, 2012,[2] 201 days later, Petitioner filed a habeas petition in the California Court of Appeal. (MTD, Ex. 3.) That petition was denied on February 2, 2012. (MTD, Ex. 4.)

On February 27, 2012,[3] Petitioner filed a habeas petition in the California Supreme Court. (MTD, Ex. 5.) That petition was denied on August 15, 2012. (MTD, Ex. 6.)

On January 7, 2013,[4] Petitioner filed his federal habeas petition in this Court.

## RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Respondent argues that the petition must be dismissed as Petitioner's due process claim does not properly invoke federal habeas corpus jurisdiction. Respondent asserts that Petitioner's challenge to his gang validation and placement in the SHU does not establish habeas jurisdiction

---

[1] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). In this matter, Respondent argues that the filing date of Petitioner's federal or state habeas petitions is the "date on the proof of service attached to each petition showing the date of delivery to prison officials." (MTD at note 1 (citing *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003)).) Because Petitioner does not object to this argument, the Court agrees to use the date on the proofs of service as opposed to the signature dates on each petition. The proofs of service attached to Petitioner's state superior, appellate and supreme court petitions as well as his federal habeas petition were signed on January 25, 2011, January 24, 2012, February 27, 2012, and January 7, 2013, respectively. (MTD, Exs. 1, 3, 5; Docket No. 1.) For the purposes of this discussion, the Court deems that the aforementioned petitions were filed on those dates.

[2] *See supra* note 1.

[3] *Id.*

[4] *Id.*

2

because a successful challenge will not result in Petitioner's release or otherwise shorten his confinement. In opposition, Petitioner argues that habeas jurisdiction is proper because his gang validation and placement in the SHU could add to the length of his confinement. Specifically, Petitioner argues such information will be included in his central file and may stigmatize him before the parole board and, in essence, affect whether he is found suitable for parole at future parole hearings.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *See id.*

Traditionally, challenges to prison conditions have been cognizable only through a section 1983 complaint, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. *Id.* at 1031.

In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Court held that prisoners' parole claims seeking a new parole hearing were cognizable under section 1983 because the relief sought would not necessarily "invalidate the duration of their confinement -- either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 79 (finding that where an inmate challenges the

3

constitutional validity of the state parole eligibility, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under section 1983); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole or necessarily shorten his prison sentence).

But this does not necessarily mean that such a claim may not be brought in habeas as well: "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Docken*, 393 F.3d at 1028. Habeas and section 1983 are not mutually exclusive in such a case. *Id.* at 1031.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a [section] 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Here, Respondent argues that a successful challenge to the gang validation and SHU placement would not affect the fact or length of Petitioner's incarceration. Petitioner argues only that there is a *possibility* that such a challenge may affect the length of his incarceration because he anticipates that it will lead to a denial of parole, which is insufficient to establish a basis for habeas jurisdiction. *See Hill*, 547 U.S. at 579. Even if such a claim *could* affect the fact and duration of his confinement, the Court notes that Petitioner's parole suitability hearing has not taken place. At any future parole suitability hearing, Petitioner should be provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. *See* Cal. Penal Code § 3041.5(a)(2). If Petitioner receives adequate process at his parole suitability hearing, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (a prisoner subject to California's parole statute

1 receives adequate process when he is allowed an opportunity to be heard and is provided with a
2 statement of the reasons why parole was denied).

Accordingly, Petitioner's challenge is properly brought under section 1983, rather than in habeas. *Ramirez*, 334 F.3d at 859. Therefore, the petition is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to bringing his due process claim in a civil rights action.

## RESPONDENT'S MOTION TO DISMISS AS UNTIMELY

Respondent also argues that the petition must be dismissed because it was not filed within one year of the date on which the "factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent contends that the factual predicate for Petitioner's claims is April 21, 2010, the date the California Department of Corrections and Rehabilitation denied Petitioner's prison administrative appeal at the final level of review. Because the instant petition was filed on January 7, 2013, Respondent argues it is untimely.

AEDPA, which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In most cases, the one year limitations period will start on the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review, but the limitations period may start on a later date. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244(d)(1)(D) applies to claims by prisoners challenging administrative decisions such as the

5

revocation of good time credits or the denial of parole. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). That section is applicable here.

In a case where a prisoner challenged the parole board's decision to find him unsuitable for parole, the Ninth Circuit found that the limitations period began to run when the Board of Parole Terms ("BPT") denied the prisoner's administrative appeal challenging the BPT's unsuitability decision. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). The "factual predicate" was determined to be the date on which the administrative appeal board denied the prisoner's administrative appeal, rather than the date the state habeas petition was denied. *See id.* at 1082.

There is limited authority interpreting § 2244(d)(1)(D) regarding what constitutes "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time period generally begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of ineffective assistance of counsel claim). In *Redd,* when deciding what constituted the factual basis for a parole denial claim, the Ninth Circuit focused on the petitioner's awareness of the BPT's final decision after the administrative appeal concluded in determining the factual predicate for the claim. *Redd,* 343 F.3d at 1082.

Here, this Court finds that April 21, 2010, the date of the final denial of Petitioner's administrative appeal, constitutes the factual predicate for the claim in this case. Therefore, section 2244(d)'s one-year limitation period accordingly began running against Petitioner the next day -- April 22, 2010. Thus, Petitioner had one year from the time the limitations period started running -- or until April 22, 2011 -- to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until on January 7, 2013, almost two years after the limitations period had expired. The petition is therefore untimely *unless* Petitioner can show that he is entitled to tolling.

**I.     Statutory Tolling**

6

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

In *Carey v. Saffold*, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in higher court. *See id.* at 220-25.

Respondent points out that Petitioner filed his state superior court petition on January 25, 2011, which means he let the limitations period run for a total of 278 days before he pursued collateral review by filing that state superior court petition. Said differently, Petitioner is eligible for statutory tolling of the limitations period beginning on January 25, 2011, which was 87 days (365 days minus 278 days) before the limitations period would have expired on April 22, 2011. As mentioned above, ordinarily, the one-year limitation period is tolled under § 2244(d)(2) from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge.[5] *Carey*, 536 U.S. at 219-20; *Redd*, 343 F.3d at 1084 (prisoner challenging administrative decision receives statutory tolling under § 2244(d)(2) for the period when state habeas petitions are pending).

In the present case, Respondent argues that Petitioner's delay of 201 days between the denial

---

[5] The California Supreme Court's August 15, 2012 Order denying the petition was final on filing. *See* Cal. Rule of Court 29.4(b)(2)(A) (subsequently renumbered as Cal. Rule of Court 8.532(b)(2)(A)).

of his petition in the superior court and the filing of his petition in the Court of Appeal. As the United States Supreme Court has explained, "only a *timely* appeal tolls AEDPA's 1-year limitations period," and that in California, where a petitioner must file a petition at the next level of review within a reasonable time, "'unreasonable' delays are not timely." *Evans v. Chavis*, 126 S. Ct. 846, 852 (2006) (emphasis in original). Federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider 'a reasonable time.'" *Id.* at 853-54.

In *Chavis*, there was an unexplained six-month delay between the petitioner's California Court of Appeal habeas denial and his subsequent petition to the California Supreme Court. The Court held that "[s]ix months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable." *Id.* at 854 (citations and internal quotation marks and brackets omitted).

Here, Petitioner waited 201 days after his state superior court petition was denied to file his state appellate court petition. Under the rationale of *Chavis*, if this 201-day delay is unexplained, and unjustified, such a delay must be found to be unreasonable. *Accord Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable under *Chavis*). Petitioner would only be entitled to tolling under § 2244(d)(2) for the periods during which his state habeas petitions were pending in the state courts. If the Court finds the 201-day delay to be unreasonable, then it would not be tolled under § 2244(d)(2). *See id.* However, the Court need not make such a determination at this time. Even if Petitioner's 201-day delay was found to be *reasonable*, the petition would still be untimely. After the California Supreme Court's August 15, 2012 denial of Petitioner's final state collateral challenge, Petitioner failed to file his petition in federal court for another 145 days. As explained above, the California Supreme Court's final denial ends the tolling because the decision is final on filing. *See supra* note

8

5. Therefore, even if Petitioner had established that the delay between the state superior court and state appellate court petitions was not unreasonable, the petition would still be untimely, as Petitioner had only 87 days remaining of the limitations period, yet he failed to file the federal petition for another 145 days. Therefore, Petitioner's federal habeas petition filed on January 7, 2013 would have still been late by 58 days (145 days minus 87 days). Accordingly, even though Petitioner is entitled to some statutory tolling, he did not meet the one-year requirement for filing the instant federal habeas petition. The instant petition is barred as untimely unless Petitioner can show that he is entitled to equitable tolling of the limitations period.

## II. Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation marks omitted), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner claims that he has "no knowledge [of] the law" and that the "jailhouse lawyer that

9

was assisting him with his state habeas corpus was moved to another block . . . ." (Opp'n at 7.) Therefore, Plaintiff claims he "had no way of filing the habeas writ without . . . assistance from a jailhouse lawyer . . . ." (*Id.*) He claims it was not until "nine months" -- or approximately 270 days -- after the limitations period had started running that "another jailhouse lawyer . . . assisted [him] and prepared his state writ for filing into the state superior court in Del Norte [County] on January 25, 2011 . . . ." (*Id.*) Thus, Petitioner argues he is entitled to equitable tolling during the 270 days he was without the assistance of a jailhouse lawyer. Similarly, Plaintiff claims that after the state supreme court denied his petition on August 15, 2012, he was once again left without the assistance of a jailhouse lawyer because the one assisting him was moved to another building. (*Id.*) Thus, Petitioner claims that he is also entitled to equitable tolling during the 145-day time frame between the denial of his state supreme court petition to the filing of his federal habeas petition. In total, Petitioner claims he is entitled to 415 days (270 days plus 145 days) of equitable tolling.[6]

Petitioner's contentions lack merit. As an initial matter, he has no right to counsel on state or federal habeas. *Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). Moreover, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154; *cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient cause to avoid procedural bar); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro se* status during state habeas proceedings did not justify equitable tolling); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). Nor do "ordinary prison limitations on . . . access to the law library and copier"

---

[6] In his reply, Respondent states that Petitioner "argues that he is entitled to 265 days of equitable tolling based on his ignorance of the law and his need for legal assistance from other inmates to file his state and federal petitions." (Reply at 1.) However, Respondent does not account for how their total of "265 days" was calculated. In contrast, the Court has determined that Petitioner claims he is entitled to approximately 415 days of equitable tolling based on the its reading of Petitioner's arguments in his opposition that he was entitled to 270 days and 145 days of equitable tolling. It matters not that there is a huge discrepancy between the two numbers because the Court finds below that Petitioner is not entitled to equitable tolling.

10

1  constitute extraordinary circumstances or make it impossible to file on time. *Ramirez v. Yates*, 571

2  F.3d 993, 998 (9th Cir. 2009); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per

3  curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance

4  on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary

5  circumstances "given the vicissitudes of prison life"). Therefore, Petitioner is not entitled to

6  equitable tolling based solely on his lack of access to legal counsel (or a jailhouse lawyer) or

7  ignorance of the law. As such, the petition is untimely and must be DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition (Docket No. 10). Petitioner's due process claim is DISMISSED because it is not appropriate for federal habeas corpus review and because it is untimely. This dismissal is without prejudice to bringing his due process claim in a section 1983 action.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

The Clerk shall also send Petitioner a blank civil rights complaint form with his copy of this Order.

This Order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: February 13, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.13\Montenegro0244.grantMTD.wpd    11